

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 30, 1948

Mrs. Bess Blackwell                Opinion No. V-708
Executive Secretary
Board of Hairdressers &            Re: The authority of the
Cosmetologists                          State Board of Hair-
Austin, Texas                           dressers and Cosme-
                                        tologists to renew
                                        licenses upon applica-
                                        tion after the expira-
                                        tion date without meet-
                                        ing the requirements
                                        which apply to new ap-
                                        plicants.

Dear Mrs. Blackwell:

        Reference is made to your recent request which
reads, in part, as follows:

        "The Board would like to know if a
shop or school license which expired on
August 31st due to the fact that the li-
censee failed to send in said license prior
to that date can be renewed by this depart-
ment, or will it be necessary for said li-
censee to apply and meet all requirements
of a new shop or school, as the case may
be, before the license can be issued."

        The pertinent portion of Art. 734b, V. P. C.,
as originally enacted by the 44th Legislature, 1935, R.
S., is as follows:

        "Sec. 18. The first certificate of
registration and license shall be valid
until August 31, 1936. Thereafter no cer-
tificate or license shall be issued for a
longer period than one (1) year and shall
expire on the 31st day of August, of the
year for which they are issued unless re-
newed prior to that date. The holder of
an expired certificate or license may have
said certificate or license restored with-
in one (1) year after the date of expira-

tion, upon the payment of the required re-
newal fee and satisfactory proof of his or
her qualifications to resume practice. . ."

The above section was amended by the 48th Reg-
ular Session of Legislature, 1943, to read, in part, as
follows:

"Section 18. The first certificate
of registration and license shall be va-
lid until August 31, 1936. Thereafter no
certificate or license shall be issued for
a longer period than one year and shall
expire on the thirty-first day of August
of the year for which they are issued un-
less renewed prior to that date. The hold-
er of an expired certificate or license may
have said certificate or license restored
within one year after the date of expira-
tion, upon the payment of the required re-
newal fee and satisfactory proof of his or
her qualifications to resume practice; . ."

It will be noted that the original Act as well
as the above quoted amendment provided that the holder of
an expired certificate or license may have same restored
within one year after the date of expiration upon the pay-
ment of the required renewal fee and satisfactory proof of
his or her qualifications to resume practice.

However, the 50th Legislature, R. S. 1947, amend-
ed Article 734(b) V. P. C. and Section 14(a) reads as fol-
lows:

"Sec. 14 (a) No certificate or license
shall be issued for a longer period than one
(1) year, and shall expire on the thirty-
first (31st) day of August of the year for
which it is issued unless renewed prior to
that date. A licensed _instructor_, _operator_
or _manicurist_, whose license has expired,
may, within thirty (30) days thereafter,
and not later, have his or her certificate
or license restored by making proper appli-
cation to the Board, supported by his or her
personal affidavit stating the reasons, which
in the opinion of the Board, will excuse the
applicant for having failed to renew his or
her certificate within the time required by

Mrs. Bess Blackwell, page 3 (V-708)

this Act, a reinstatement fee of Five ($5.00) Dollars being required thereafter." (Emphasis added)

Section 9, Subsec.(e) provides as follows:

"(e) Any person within the provisions of this Act having, at the effective date thereof, a valid certificate or license from the State Board of Hairdressers and Cosmetologists shall be exempt from the examinations required by this Section of this Act, but such person shall be required to pay all the fees and have such certificate or license renewed, as provided in this Act." (Emphasis added)

Section 21, Subsection 2 provides that all sections and parts of the original Act of 1935 and all amendments thereto not amended by this Act are hereby repealed.

In determining whether the provisions of a statute are mandatory or directory we may look to previous statutes dealing with the same subject matter in order to ascertain the legislative intent. In this connection it will be noted that the original Act as well as the 1943 amendment thereto provided that an expired license or certificate could be renewed within a year from the expiration date without the licensee taking an examination, upon payment of the required fee. However, when the 50th Legislature amended the Act in question, no such provision is made in regard to either beauty culture school or shops. Further Section 14(a) of said Act does provide for the renewal of the expired license of an instructor, operator or manicurist within thirty days from the date of expiration and not later. Since the previous statutes provided that all expired licenses or certificates could be renewed within a year from the date of expiration and the present statute provides that only those licenses of instructors, operators or manicurists may be renewed, it is believed that that portion of Article 734b, Section 14 (a), V. P. C. relative to the renewal of licenses or certificates is mandatory.

In Vol. 3, page 107, Sutherland Statutory Construction, we find:

"As a general proposition, the rule with respect to statutory directions to individuals is the opposite of that which obtains with respect to public officers.  When a statute directs things to be done by a private person within a specified time, and makes his rights dependent on proper performance thereof, unless the failure to perform in time may injure the public or individuals, the statute is mandatory.  Where an individual is the person not strictly complying, he has no grounds for complaint."

Therefore, in view of the foregoing, it is our opinion that, since a beauty shop or beauty school license expires on August 31st by reason of the failure of the licensee to renew same prior to such date, it will be necessary for said licensee to make application and meet all the requirements as an original applicant.

## SUMMARY

Where a beauty shop or beauty school license expires on August 31st by reason of the failure of the licensee to renew same prior to such date, it will be necessary for said licensee to make application and meet all requirements as an original applicant.  Article 734(b), Sec. 14(a), V. P. C.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Bruce Allen
Bruce Allen
Assistant

BA:mw

APPROVED:

Fagan Dickson
FIRST ASSISTANT
ATTORNEY GENERAL